**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROOSEVELT MAURICE HOGG, | No. 15-16465 |
| Plaintiff - Appellant, | D.C. No. 3:15-cv-00158-RCJ-WGC |
| v. | |
| COX, NDOC Director; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted July 26, 2016[**]

Before:   SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Roosevelt Maurice Hogg, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims arising out of his classification as a sex offender.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

_____

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

Although the district court properly dismissed Hogg's due process claim because Hogg failed to allege facts sufficient to show that his classification as a sex offender implicated a liberty interest and that he was denied procedural due process protections prior to his classification, the district court abused its discretion in dismissing Hogg's complaint without a single opportunity to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (setting forth standard of review and explaining that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defect in the pleading); *see also Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997) (explaining that "the stigmatizing consequences" of a sex offender classification "coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility" is a liberty interest requiring procedural protection and setting forth procedural due process requirements). Accordingly, we reverse the judgment and remand to the district court to give Hogg an opportunity to file an amended complaint.

All pending motions and requests are denied.

**REVERSED and REMANDED.**